Dear Mr. Vidrine:
You advise this office that two persons have been appointed to the same position upon the Eunice Municipal Fire and Police Civil Service Board (the Board). The Mayor of Eunice appointed Mr. Charles Montz to the position, while the Eunice Board of Aldermen appointed Ms. Jan Ward to the position. Ms. Ward's appointment by the Board of Aldermen was in fact a re-appointment, as Ms. Ward held the position prior to her re-appointment.
At issue here is whether state law considers the Mayor or the Board of Aldermen as the appointing authority for purposes of appointments made to the Eunice Municipal Fire and Police Civil Service Board. For the following reasons, more fully explained below, it is the opinion of this office that the Board of Aldermen is the governing authority authorized to make appointments to the Board.
The documentation you have provided this office reflects the following facts. At a regular meeting of the Mayor and the Board of Aldermen of the City of Eunice held July 14, 2009, attended by the Mayor and the entire Board of Aldermen, there was discussion concerning the imminent expiration of Ms. Ward's term as Board member.[1] Alderwoman Chawana Fontenot moved to re-appoint Ms. Ward to the Board. The motion was seconded by Alderman Dale Soileau and unanimously approved.[2] On August 5, 2009, Mayor Bob Morris notified the *Page 2 
Eunice Municipal Fire and Police Civil Service Board of his appointment of Mr. Charles Montz to the Board, as successor to Ms. Ward.[3]
Turning to an examination of the law relevant to this matter, we first note that La.R.S. 33:2531, et seq., entitled "Fire and Police Civil Service Law for Small Municipalities and for Parishes and Fire Protection Districts," governs the fire and police civil service in the City of Eunice. Within these provisions governing small municipalities, the legislature has established procedures for the appointment of a five-member fire and police civil service board. These procedures are applicable to the City of Eunice.[4]
Under La.R.S. 33:2536(C), the governing authority appoints the five-member board as follows: (1) the governing authority appoints one member on its own motion; (2) the governing authority appoints two of the four nominees furnished by the president or chancellor of the designated college or university located within the service area of the civil service board; (3) the governing authority appoints the two persons elected from the fire and police departments.[5] *Page 3 
The Board membership in controversy here is the position appointed by the governing authority upon its own motion. While La.R.S. 33:2535(2) defines "appointing authority" as "any official, officer, board, commission, council or person having the power to make appointments to positions in the municipal, parish or fire protection district fire service," this definition does not resolve the question of whether the Mayor, or the Board of Aldermen for the City of Eunice, is the appointing authority for the Board members.
However, that question may be answered with other sources. As a starting point, we observe that the Louisiana Constitution defines "governing authority" as "the body which exercises the legislative functions of the political subdivision." La.Const. Art. VI, § 44(4). In a Lawrason Act[6] municipality such as the City of Eunice, the governing authority in whom the legislative powers of the City are vested is the Board of Aldermen. See La.R.S. 33:362A(1).[7]
A principal of statutory construction is that laws on the same subject matter are to be interpreted in reference to each other.[8] Reading La.R.S. 33:2536(C) in pari materia with the above cited constitutional and statutory provisions, it is the opinion of this office that the phrase governing authority as used in La.R.S. 33:2536(C) means the Board of Aldermen of the City of Eunice.
Citing these same provisions, and in reference to the City of Winnfield, this office previously concluded that the Board of Aldermen is the governing authority for purposes of La.R.S. 33:2536(C). See La. Atty. Gen. Ops. 90-673 and 90-673(A). Our research reflects no statutory amendment or jurisprudential ruling has occurred subsequent to the release of these opinions which would alter the conclusion of this office. We therefore affirm our prior interpretation of the law: it is the Board of Aldermen of the City of Eunice which is the governing authority authorized to make appointments to the Board under La.R.S. 33:2536(C). The Mayor is not considered the governing authority.
To further explain the Mayor's role in this specific appointment process, we refer you to the analysis given by this office in Ops. 90-673 and 90-673(A). At issue was the Mayor's veto power regarding appointments made by the Board of *Page 4 
Aldermen under La.R.S. 33:2536(C). This office concluded that the Mayor has no veto power in this process. This determination is based upon the following provisions of the Lawrason Act, which are equally applicable here. An ordinance is an act by the governing authority intended to be a law.[9] All acts of the board of aldermen which are "not law shall be by resolution."[10] Resolutions are approved by an affirmative vote of a majority of the members of the board present at the meeting.[11] Resolutions do not require the approval of the Mayor.[12] The Mayor has no authority to veto the resolution adopted by the Board of Aldermen concerning an appointment under La.R.S. 33:2536(C). Rather, the Mayor's role under the Lawrason Act is to preside at the meeting and to vote in the event of a tie.[13] In further explanation, the author of Op. 90-673 stated: "the power to [make appointments] delegated by La.R.S. 33:2536(C) must be regarded as part of the plenary power of the board of aldermen, not subject to the executive constraint of the veto power, which extends only to laws or ordinances enacted by the board of aldermen."
The documentation which you provided to this office reflects that the previous Mayor of the City of Eunice first appointed Ms. Ward to this position, with no action of the Board of Aldermen, contrary to the procedure established by La.R.S. 33:2536(C).[14]
Because La.R.S. 33:2536(E) provides that "upon the expiration of the term of office of any member of a board . . . the governing authority . . . shall appoint a successor in the same manner as the outgoing member was appointed . . .," current Mayor Bob Morris argues that since his predecessor in office made the initial appointment, he is required to make the re-appointment under La.R.S. 33:2536(E).[15] However, it is the opinion of this office that the Mayor's appointment of Mr. Montz remains invalid, notwithstanding that the appointment is "in the same manner" because the previous Mayor originally appointed Ms. Ward. Both appointments made by both Mayors of the City of *Page 5 
Eunice are invalid because the Mayor is not the authorized governing authority entitled to make appointments under La.R.S. 33:2536(C).[16]
It is the opinion of this office that the Board of Aldermen of the City of Eunice, and not the Mayor of Eunice, is the governing authority for appointments made to the Eunice Municipal Fire and Police Civil Service Board under La.R.S. 33:2536(C)(1). Ms. Ward's re-appointment to the Board, approved by the Board of Aldermen July 14, 2009, is the legally valid appointment.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
JAMES. D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY:__________________________ KERRY L KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:arg
[1] Ms. Ward's original appointment to the Board expired July 29, 2009. See correspondence dated May 18, 2009 from the Louisiana Office of the State Examiner, Municipal Fire and Police Civil Service, to Mayor Bob Morris.
[2] See Minutes of this meeting held July 14, 2009, at page 11; confirming this unanimous vote, see also the Mayor's May 18th, 2009 correspondence referenced in n. 1.
[3] See correspondence dated August 5, 2009 from Mayor Morris to the Eunice Municipal Fire and Police Civil Service Board.
[4] La.R.S. 33:2531 provides that these provisions apply to ". . . all municipalities having a population of not less than seven thousand and not more than thirteen thousand, according to the last preceding decennial census of the United States . . ." The City of Eunice has a population of 11,499 residents according to the United States Census for 2000. See the U.S. Census Bureau website, http://www.census.gov.
[5] La.R.S. 33:2536(C) provides, in its entirety:
C. The first five members of a board shall be appointed by the governing body of the municipality, parish, or fire protection district, as the case may be, during the ninety-day period immediately following the date that this Part takes effect in a municipality, parish, or fire protection district under R.S. 33:2531. The members of the board shall be appointed by the governing body as follows:
(1) One shall be appointed by the governing body upon its own nomination.
(2)(a) Two members shall be appointed from a list of four nominees which shall be furnished, within sixty days after the governing authority makes a request by certified letter for such list, by the executive head of a regularly chartered and established four-year institution of higher education located within the area served; or, if there is no such institution in the area served, by the executive head of such an institution which is within the state and which is the most geographically proximate to the area served.
(b) If a list of nominations is not submitted within sixty days after submission of request for such list, such failure shall be considered a failure to perform a ministerial duty required by law of a public official or corporate officer. To this end, the district attorney for the parish in which the institution is located shall provoke the issuance of a writ of mandamus to compel the official or officer to act as provided by law.
(3) Two members shall be appointed who shall be first nominated and elected by and from the regular employees of the fire and police department as follows: One member shall be elected and appointed from the fire department, and one member shall be elected and appointed from the police department. The employee-nominee from each department shall be elected by secret ballot of the regular employees of his respective department at an election to be called and held for that purpose by the chief of the department. The chief of each department shall call such an election within forty-five days after this Section takes effect in the area affected by posting, for a fifteen day continuous period immediately preceding the election, a notice thereof on the bulletin board of each station house of his department; and, shall officially notify the governing body of the area affected within the ten day period immediately following the election, the name of the employee-nominee so elected by the regular employees of his department. The chief of the department shall vote in the election only in the case of a tie vote.
[6] Lawrason Act municipalities are governed by the provisions of La.R.S. 33:321, et seq.
[7] La.R.S. 33:362A(1) provides: "the legislative powers of a municipality shall be vested in and exercised by the board of aldermen."
[8] La.C.C. Art. 13.
[9] La.R.S. 33:406A(1) provides: "any law enacted by a board of aldermen shall be by ordinance."
[10] La.R.S. 33:406A(2) provides: "any act of the board which is not law shall be by resolution. A resolution shall be approved by an affirmative vote of a majority of the members of the board present at a meeting. No resolution shall require the signature or other action of the mayor to become effective."
[11] Id.
[12] ld.
[13] La.R.S. 33:405A(1) provides: "the mayor shall preside at all meetings of the board of aldermen, and in case there is an equal division, he shall give the deciding vote."
[14] See correspondence dated August 5th, 2009 from Mayor Bob Morris to the Eunice Municipal Fire and Police Civil Service Board.
[15] Id..
[16] The question of the validity of Ms. Ward's original appointment is made moot by the expiration of her original term. In any event, the de facto doctrine grants validity to acts done by persons acting under the color of official title, even if it is later discovered that the legality of the person's appointment may be deficient. State v. O'Reilly, 2000-2864 (La. 5/15/01), 2000-2865 (La. 5/15/01); 785 So.2d 768, 776.